UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>      v.<br><br>GEORGE IAKOVOU,<br>VIKA VENTURES LLC,<br>PENELOPE ZBRAVOS,<br><br>                      Defendants. | C.A. No. 4:22-cv-194 |

**AMENDED DEFAULT JUDGMENT AS TO
DEFENDANT VIKA VENTURES LLC**

The Securities and Exchange Commission ("Commission") having moved for default judgment on its claims that Defendant Vika Ventures LLC ("Defendant") violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a), (b), and (c) thereunder, and Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act"). By virtue of its default, Defendant admitted the well-pleaded factual allegations in the Commission's complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). The Commission demonstrated by declaration that the Defendant is not an infant or incompetent person or in the military service of the United States. The Court now GRANTS the Commission's motion, FINDS that Defendant violated Section 10(b) of the Exchange Act and Rules 10b-5(a), (b), and (c) thereunder, and Section 17(a)(1), (2), and (3), and further orders as

follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a), (b), and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, with respect to:

i. the use of investor funds;

ii. any investment in or offering of securities;

iii. the purchase of any security;

iv. the prospects of success of any investment;

v. compensation to any person;

vi. Defendant's qualification to advise investors;

vii. falsifying documentation of any company, entity, or investment opportunity; or

viii. the misappropriation of investor funds or investment proceeds.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(1), (2), and (3) of the

Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, with respect to:

 i. the use of investor funds;

 ii. any investment in or offering of securities;

 iii. the purchase of any security;

 iv. the prospects of success of any investment;

 v. compensation to any person;

 vi. Defendant's qualification to advise investors;

 vii. falsifying documentation of any company, entity, or investment opportunity; or

 viii. the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty.  In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion:  (a)

Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and any Final Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: June 30, 2023

                                        S/Clay D. Land
                                      THE HONORABLE CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE