**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                                   **Plaintiff,**<br><br>**v.**<br><br>**GEORGE IAKOVOU, VIKA VENTURES LLC, PENELOPE ZBRAVOS,**<br><br>                                   **Defendants.** | **Case No. 4:22-cv-194-CDL** |

**FINAL JUDGMENT**
**AS TO DEFENDANT VIKA VENTURES LLC**

The Securities and Exchange Commission ("Commission") having been granted default judgment on its claims that Defendant Vika Ventures LLC ("Defendant" or "Vika") violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a), (b), and (c) thereunder, and Sections 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act") now moves for final judgment against Defendant. The Court's grant of the Commission's Motion for Default Judgment resolved all matters of liability against Vika, imposed injunctive relief, and ordered that it would determine the appropriate monetary relief in the form of a civil penalty upon a motion of the Commission. Such a motion is now before the Court. The Commission demonstrated by its Motion to Set a Civil Penalty and For Entry of Final Judgment that Defendant Vika should be assessed a civil penalty. The Court now GRANTS the Commission's motion, FINDS that Defendant having violated Section 10(b) of the Exchange Act and Rules 10b-5(a), (b), and (c) thereunder, and Section 17(a)(1), (2), and (3), should be assessed a civil penalty in the amount of $8,929,120, and further orders as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court's Amended Default Judgment as to Vika entered on June 30, 2023 [D.E. 20] is hereby adopted and incorporated by reference with the same force and effect as if fully set forth herein, and that Vika shall comply with all of the undertakings and agreements set forth therein.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $8,929,120 pursuant to pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Vika shall satisfy this obligation by paying $8,929,120 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vika Ventures LLC as the Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount

3

of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Vika, and further, any debt for civil penalty or other amounts due by Vika under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Vika of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated:  August 9, 2023

__S/Clay D. Land
THE HONORABLE CLAY D. LAND
UNITED STATES DISTRICT JUDGE