UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE IAKOVOU,<br>VIKA VENTURES LLC,<br>PENELOPE ZBRAVOS,<br><br>　　　　　　　　　　Defendants. | Case No. 4:22-cv-194-CDL |

**FINAL JUDGMENT**
**AS TO DEFENDANT GEORGE IAKOVOU**

　　The Securities and Exchange Commission (the "Commission") having previously been granted default judgment as to its claims against Defendant George Iakovou ("Defendant" or "Iakovou") (ECF No. 19), and the Commission's Motion for a Final Judgment as to Iakovou now before the Court, the Court now **GRANTS** the Motion and further orders:

**I.**

**SECTION 10(b) AND RULE 10b-5 OF**
**THE SECURITIES EXCHANGE ACT OF 1934**

　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a), (b), and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality

of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, with respect to:

    i.     the use of investor funds;

    ii.    any investment in or offering of securities;

    iii.   the purchase of any security;

    iv.   the prospects of success of any investment;

    v.    falsifying documentation of any company, entity, or investment opportunity;

    vi.   the misappropriation of investor funds or investment proceeds; or

    vii.  the Defendant's qualifications to support any enterprise that advises investors, receives investor funds, or offers for sale any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(1), (2), and (3) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to employ any device, scheme, or artifice to defraud, to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of circumstances under which they were made, not misleading, or to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, with respect to:

    i.    the use of investor funds;

    ii.    any investment in or offering of securities;

    iii.    the purchase of any security;

    iv.    the prospects of success of any investment;

    v.    falsifying documentation of any company, entity, or investment opportunity;

    vi.    the misappropriation of investor funds or investment proceeds; or

    vii.    the Defendant's qualifications to support any enterprise that advises investors, receives investor funds, or offers for sale any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### **OFFICER AND DIRECTOR BAR**

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Iakovou is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### IV.

### **CONDUCT BASED INJUNCTION**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Iakovou is permanently enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of securities in an offering not registered with the Commission, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

### V.

### **DISGORGEMENT**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,900,000 representing the net profits gained as a result of the conduct alleged in the Complaint, and prejudgment interest thereon of $365,401.01, for a total of $4,265,401.01, pursuant to Sections 21(d)(5) and (7) of the Exchange Act [15 U.S.C. §§ 78u(d)(5), (7)].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's disgorgement and prejudgment interest of $4,265,401.01 is **deemed satisfied** by the Restitution Order in *United States v. Iakovou et al.,* Case No. 4:22-CR-28 (M.D. Ga., filed Nov. 9, 2022).

## VI.

## CIVIL PENALITY CLAIM

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Securities and Exchange Commission's claim for a civil penalty as to Iakovou is dismissed.

## VII.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## FEDERAL RULE OF CIVIL PROCEDURE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: July 8, 2024

S/Clay D. Land
**THE HONORABLE CLAY D. LAND**
**UNITED STATES DISTRICT JUDGE**